JUAN SUÁREZ-PÉREZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN, Respondent.

No. 686. Submitted July 19, 1927.—Decided July 30, 1927.

*Heriberto Torres Solá* for the appellant. The registrar appeared by brief.

MR. JUSTICE HUTCHINSON delivered the opinion of the court.

The minutes of a marshal's sale recite that defendants in a personal action were purchasing upon the instalment plan, and that the predecessor in interest of the said defendants, Eloísa Navedo y Santana, previously had been purchasing upon the instalment plan from "La Sociedad Protectora de Niños" the lot which together with the house standing thereon was being sold under execution to satisfy a money judgment; also that the right, title and interest of the said Eloísa Navedo y Santana as well as the right, title. and interest of defendants in the land were included in the sale.

The marshal's deed purports a conveyance of the house and of the rights, titles and interests in the land, described in the minutes of the sale.

Eloísa Navedo y Santana was not a party to the personal action.

Later "La Sociedad Protectora de Niños" conveyed the lot in question to the purchaser at the marshal's sale. The deed recites that:

"Fifth: The aforesaid lot had been bought on the instalment plan by Eloísa Navedo y Santana from the 'Sociedad Protectora de Niños de Río Piedras' for $224, of which sum Eloísa Navedo had paid to the said 'Sociedad Protectora' $176, leaving a balance due up to date of $48.

"Sixth: That according to civil case No. 478, an action for debt, in the District Court for the Judicial District of San Juan, Porto Rico, Juan Suárez Pérez *v.* Marta and Carmen Rivera Navedo, and Palmira, Natalia, and Pedro Navedo, and Pedro Rivera Rosario, as father with patria potestas over his minor acknowledged natural children, Marta and Carmen Rivera Navedo, Eduardo Urrutia, as marshal of that court, and in execution of a judgment in the above

case, attached and publicly sold to the relator, Juan Suárez Pérez, the actions and rights in the said lot held by the aforesaid defendants, Marta and Carmen Rivera Navedo and Palmira, Natalia and Pedro Navedo and Pedro Rivera Rosario, the latter in his capacity as father with patria potestas over his minor acknowledged natural children, Marta and Carmen Rivera Navedo, all of which appears from deed No. 31, dated February 16, 1927, executed in San Juan, Porto Rico, before notary Heriberto Torres Solá.''

The marshal's deed was presented in the registry of property together with the subsequent conveyance above mentioned as supplementary thereto, and record of the earlier instrument was refused upon the ground that neither the title to the house nor the real property rights and interests in the land had been previously recorded in the name of the defendants in the personal action, or in the name of any other person.

Thereupon the subsequent conveyance was presented, accompanied by the marshal's deed, with a request that the property be recorded in the name of the vendee named in both instruments.

Record of the second conveyance was then refused upon the ground that the lot had been previously sold to Eloísa Navedo Santana.

Appellant now complains that the registrar erred in passing upon the marshal's deed without taking into consideration the subsequent conveyance, in thereafter ignoring the marshal's deed in connection with his consideration of the subsequent conveyance, and in refusing to record the lot in the name of appellant in accordance with the legal effect of the two instruments taken together.

We are inclined to agree with appellant that the better practice would have been to rule specifically at the time of the first presentation upon the curative value of the supplementary evidence, and in any event at the time of the second ruling to determine somewhat more definitively the legal effect of the two deeds considered together and each in

connection with the other. But it does not follow that either of the rulings appealed from should be reversed.

Manifestly the marshal could not convey any right, title or interest of Eloísa Navedo Santana who was not a party to the personal action which gave rise to the execution sale. In the absence of anything to show that the defendants in the said action were the sole heirs or otherwise the true successors in interest of the said Eloísa Navedo Santana, a conveyance from her vendor was equally inadequate to vest title in the purchaser at the execution sale. The only conclusion therefore that could have been reached by the registrar at the time of his first ruling would be that the subsequent conveyance was utterly worthless as a curative agent when tendered as merely supplemental to the instrument presented for record.

The doctrine invoked by appellant that in case of a double sale the title vests in the purchaser who first reaches the registry presupposes of course that the deed first presented is a valid conveyance. The rule can have no application where the instrument first presented proclaims upon its face a previous conveyance to another purchaser who is not connected in any way with the vendee named in the subsequent deed. Nor can the necessary connecting link be supplied by a marshal's deed purporting to transfer the right, title, and interest of such earlier vendee as the result of an execution sale in a personal action to which such original vendee was not a party.

Neither the marshal's deed nor the subsequent conveyance by "La Sociedad Protectora de Niños," nor both together can suffice to deprive Eloísa Navedo y Santana, if she is living, or her heirs, if she is dead, of any right, title or interest that she or they may have in the land now claimed by appellant.

The rulings appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.